■ CENTRAL SCHOOL DISTRICT NO. 2 OF THE TOWNS OF RAMAPO, CLARKS-TOWN AND HAVERSTRAW, Respondent, v. RAMAPO CENTRAL SCHOOL DISTRICT NO. 2 TEACHERS ASSOCIATION, Appellant.— In a proceeding to stay arbitration, the appeal is from an order of the Supreme Court, Rockland County, dated October 19, 1971, which granted the application. Order affirmed, without costs, on constraint of *Matter of Associated Teachers of Huntington* v. *Board of Educ., Union Free School Dist. No. 3, Town of Huntington* (40 A D 2d 122) and *Board of Educ., Union Free School Dist. No. 6, Town of Babylon* v. *Amityville Teachers Assn.* (40 A D 2d 860), although Hopkins, Acting P. J., adheres to the views expressed in his dissenting opinions in the cited cases. Hopkins, Acting P. J., Gulotta, Christ; Brennan and Benjamin, JJ., concur. [67 Misc 2d 317.]

■ FRANK DE YORIO, as Father and Natural Guardian of JOYCE DE YORIO, an Infant, et al., Respondents, v. RAY JAMER, Appellant.— In a negligence action to recover damages for personal injuries sustained by the infant plaintiff and for medical and hospital expenses and for loss of services sustained by her father, defendant appeals from a judgment of the Supreme Court, West-chester County, entered March 25, 1971, in favor of plaintiffs, upon a jury verdict of $40,000 for the infant plaintiff and $1,903 for her father. Judgment reversed, on the law, and new trial granted on the issues of liability and damages, with costs to abide the event. The questions of fact have not been considered on this appeal. The infant plaintiff, Joyce De Yorio, was invited to see defendant's swimming pool. Joyce walked on defendant's private driveway and defendant's 10-month-old dog (part Boxer) jumped on her and bit her in the lip. Joyce ran into the street and was bitten in the back, receiving a puncture wound. The trial court instructed the jury as to the effect of violation of a local ordinance that prohibited the permitting of dogs to run at large on a public highway. Although the court's instructions on the ordinance did note that the injury in the street was to Joyce's back, it is our opinion that the instruction was not adequate and that defendant was entitled to a clear and specific charge that violation of the ordinance could in no way be a basis for liability for the lip bite, the latter injury having been incurred on defendant's private driveway. The instructions relating to the ordinance prejudiced defendant with respect to the issue of his liability for the injury to the infant plaintiff's lip. Hopkins, Acting P. J., Martuscello, Latham and Benjamin, JJ., concur; Brennan, J., not voting.